IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAY RUDMAN §<br>    Plaintiff §<br> §<br>VS. §<br> §<br>U.S. BANK TRUST, N.A. §<br>    Defendant § | C.A. NO. 4:23-cv-00040 |

## DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT

Defendant, U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for VRMTG Asset Trust improperly named as U.S. Bank Trust, N.A. ("**Trustee**" or "**Defendant**") files this Amended Motion for Summary Judgment and Brief in Support on all claims of Plaintiff and would respectfully show as follows:

## LIVE PLEADINGS

1.  Plaintiff's live pleading is Plaintiff's Original Petition (the "Complaint") as removed to this Court where it exists as Doc. No. 1-4. Defendant's live pleading is Defendant's Original Answer as removed to this Court where it exists as Doc. No. 1-7.

## SUMMARY

2.  This matter relates to a residential mortgage in default provided to Jay Rudman ("**Plaintiff**") and Janice Rudman (both are "**Borrowers**") that is past due for the October 1, 2015 payment and all subsequent payments. Borrowers were in default on the subject mortgage well prior to Covid and well prior to any Covid forbearance that they were afforded.

3.  In an attempt to now remain in the collateral securing the mortgage for as long as possible without making payments, Plaintiff has asserted claims for breach of contract, fraud, violations the Texas Debt Collection Practices Act ("TDCA"), and breach of fiduciary duty.

4. Defendant seeks summary judgment on all causes of action asserted by Plaintiff based on the following grounds as set forth in more detail below.

- Plaintiff's breach of contract claim fails because Plaintiff has not alleged and cannot prove compliance with the subject contract, there is no factual or legal basis for a contract claim, no evidence to support such claim and the summary judgment evidence establishes that the legally required notices prior to foreclosure have been provided to Plaintiff. Additionally, any claim predicated on allegations outside the terms of the written contracts are also precluded by the statute of frauds.

- Plaintiff's fraud claim fails because there is no evidence supporting the essential elements of a fraud claim, a fraud claim is precluded by the statute of frauds and economic loss rule, and there is no evidence of damages to support a fraud claim.

- Plaintiff's TDCA claims fail because there is no evidence of a violation of the TDCA and no damages caused by any alleged violation.

- Plaintiff's breach of fiduciary duty claim fails because Defendant owed no fiduciary duty to Plaintiff and there is otherwise no evidence of a breach of any fiduciary duty that caused damages to Plaintiff.

- There is no evidence of damages to support any claim.

## NATURE AND STAGE OF PROCEEDING

5. This matter involves a first lien residential mortgage provided to Borrowers that is past due for the October 1, 2015 mortgage payment and all subsequent payments. Plaintiff filed his Original Petition (the "**Complaint**") in state court on December 27, 2022 and obtained an ex parte temporary restraining order precluding foreclosure for fourteen days. See Dkt. Nos. 1-4 and 1-5 attached to Defendant's Notice of Removal.

6. Defendant filed an answer in state court on January 6, 2023 and then removed the case to this Court based on Diversity Jurisdiction on the same date. See Dkt. Nos. 1-6 and 1. The jurisdiction of this Court has been established and is not contested. Plaintiff has asserted claims for breach of contract, fraud, violations the Texas Debt Collection Practices Act ("**TDCA**"), and breach of fiduciary duty.

7. As will be shown, Plaintiff's claims fail based on the standards applicable to summary judgment.

## FACTUAL BACKGROUND

8. On or about February 16, 2001, Borrowers executed a promissory note in the original principal amount of $148,400.00 (the "**Note**") in favor of original lender First Preference Mortgage Corp. ("**First Preference**") and its assigns. See Exhibit 1-A.

9. On the same date, Borrowers executed a deed of trust that was recorded in the real property records of Harris County, Texas as Instrument No. U895626 ("**Deed of Trust**") establishing a first lien on real property located at 1151 Flagmore Drive, Katy, Texas 77450 as more particularly described in the Deed of Trust (the "**Property**"). See Exhibit 1-B. The Note, Deed of Trust, and modifications agreements, if any, shall be referred to herein as the "Loan".

10. Through a series of mortgage assignments recorded in the real property records of Harris County, Texas the Deed of Trust was assigned to Defendant. See Exhibit 1-C. Defendant is the current mortgagee under the Loan and Fay Servicing, LLC ("**Fay**") is the mortgage servicer. See Exhibit 1 and 1-C.

11. On April 10, 2012, while in default on their contractual payment obligations, Borrowers executed a Home Affordable Modification Agreement. See Exhibit 1-D.

20170194.20230107/5122406.1

12. Borrowers are past due for the October 1, 2015 payment and all subsequent payments due under the Loan. See Exhibit 1.

13. On August 20, 2019, Notice of Default was sent to Borrowers to the address or addresses indicated therein by certified mail, which includes the last known address for Borrowers according to the records of Defendant. See Exhibit 1-E.

14. On or about November 17, 2022, while the payment obligations under the Loan remained in default, Notice of Acceleration and Foreclosure was sent by certified mail to Borrowers to the address or addresses indicated therein, which includes the last known address for Borrowers according to the records of Defendant. See Exhibit 1-F.

15. As will be shown, all of Plaintiff's claims against Defendant fail as a matter of law on various alternative grounds under the standards applicable to summary judgment.

## SUMMARY JUDGMENT EVIDENCE

16. Trustee attaches the following summary judgment evidence which is attached hereto and incorporated herein by reference.

| | | |
|---|---|---|
| Exhibit "1" | | Declaration of Michael Paterno of Fay, the mortgage servicer for Defendant for the Loan and Exhibits thereto which include the following: |
| | 1-A | Note dated February 16, 2001 |
| | 1-B | Deed of Trust dated February 16, 2001 |
| | 1-C | Mortgage Assignments |
| | 1-D | Loan Modification Agreement |
| | 1-E | Demand-Notice of Default dated August 20, 2019 |
| | 1-F | Notice Acceleration/Foreclosure dated November 17, 2022 |

# DISCUSSION

### A. Standards for Motion for Summary Judgment

17. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

18. For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

19. If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute

as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

20. In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

21. The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* Fed. R. Civ. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence

in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.").

### B. Plaintiff's Fraud Claim Fails.

22. Plaintiff has failed to adequately plead a fraud claim and cannot otherwise come forward with evidence establishing the essential elements necessary to support a fraud claim. Plaintiff references a fraud claim based on an allegation that Defendant put the Loan into forbearance and indicated he would be able to resume his payments. See Complaint at ¶¶ 20-21-25.

23. Plaintiff conveniently omits the who, what, or when from his fraud allegations. Even ignoring the utter failure to even attempt to comply with Rule 9(b), such allegations do not and cannot possibly form the basis of a valid fraud claim.

24. Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. See Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Plaintiff has wholly failed to include any of this required information in his Complaint and his fraud claims should be dismissed on that basis alone.

25. Additionally, the pleading defect cannot be cured because there is no set of facts on which Plaintiff could prevail on his fraud claim. A claim for fraud requires: (1) a material misrepresentation, which was false, (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (4) which was relied upon, and (5) which caused injury. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998). A promise of future performance constitutes an actionable misrepresentation only if the promise was made with no intention of performing at the time it was made. *Id.* at 48. Although Plaintiff's allegations are unsubstantiated and categorically denied by Defendant, even if they were true they would not constitute an actionable fraud claim. For example, to the extent Plaintiff claims that he was promised that he could resume the loan payments after the subject forbearance ended, a promise of future conduct cannot form the basis of a legally viable fraud claim unless there is evidence that Defendant had no intention of performing the alleged promise at the time the alleged promise was made. No such evidence exists.

26. Additionally, there is and can be no evidence that the alleged forbearance caused Borrower's defaults because the Loan is past due for the October 2015 payment and all subsequent payments.

27. Regardless, neither Plaintiff's allegations, nor any evidence that he could potentially present could otherwise establish a legally viable fraud claim. Plaintiff can present no evidence of any actionable misrepresentation by Defendant that was known to be false when made or made without knowledge of its truth, that Defendant intended for him to act on, or that he relied on and caused his injury. Any alleged promises by Defendant, which are expressly denied, cannot otherwise support a fraud claim since they necessarily would have related to an alleged promise

8

of a future act. Furthermore, Plaintiff can present no evidence of damages for any claim as he continues to reside in the subject collateral while making no loan payments of any kind.

28. Additionally, Plaintiff's fraud claim is precluded by the "economic loss rule" since the rights and obligations of the parties to the subject loan are governed exclusively by contract. *Farshchi v. Wells Fargo Bank, N.A.,* No. CV H-15-1692, 2016 WL 2858903, at *7 (S.D. Tex. May 13, 2016); *Clark v. Bank of America NA*, Civ. Action No., 2012 WL 4793465, at *5 (N.D. Tex. Aug. 1, 2012) (citing *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)).

29. Further, any potential fraud claims by Plaintiff based on any oral representations would fail based on the statute of frauds. Under Texas law, application of the statute of frauds bars a fraud claim to the extent that the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the statute of frauds. *See Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2001). Application of the statute of frauds to a contract vitiates a fraud claim based on the same facts. *See Traynor v. Chase Home Finance, LLC,* No. 3:11–cv–800–K, 2013 WL 704932, at *3 (N.D. Tex. Feb. 27, 2013) (citing *Collins v. Allied Pharmacy Mgmt., Inc.,* 871 S.W.2d 929, 936 (Tex. App.–Houston [14th Dist.] 1994)). If the alleged fraudulent representations were purely promissory, a tort claim is barred by the statute of frauds; if the representations were factual, the plaintiff may seek recovery under a tort theory. *See McClure v. Duggan,* 674 F. Supp. 211, 221 (N.D.Tex.1987). Here, Plaintiff's attempted fraud claims, while based on general allegations that fail to satisfy Rule 9(b), also would fail even if they were based on actual representations made by Defendant to Plaintiff. Accordingly, any pleading amendment would be futile. For these multiple and alternative reasons, Plaintiff's fraud claim fails as a matter of law.

### C. Plaintiff's Breach of Contract Claim Fails.

30. Although he does not dispute his longstanding payment defaults, Plaintiff purportedly contends that Defendant breached unspecified contractual terms of the Loan by failing to provide legally required notices prior to an attempted foreclosure sale. See Complaint at ¶¶ 18-19.

31. First, there can be no damages supporting any such claim since no foreclosure sale is alleged to have occurred. The claim also fails because there is no evidence establishing a breach.

32. A breach of contract claim under Texas law requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir.2007).

33. There can be no evidence of damages to support any such claim because no foreclosure sale has occurred as Plaintiff continues to reside in the subject Property without making the contractually required mortgage payments.

34. Second, as it relates to any potential notice allegations, Trustee provided notice of default with intent to accelerate (Exhibit 1-E) and Notice of Acceleration and Foreclosure (Exhibit 1-F) in compliance with applicable law.

35. According to well established Texas law, "Service of a notice by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address as shown by the records of the holder of the debt." *Id.* § 51.002(e). The general purpose of the statute is to provide protection for the debtor, and it provides for only constructive notice of the foreclosure. *See Onwuteaka v. Cohen,* 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied).There is no requirement that the

debtor receive actual notice. *See Martinez v. Beasley,* 616 S.W.2d 689, 690 (Tex. Civ. App.—Corpus Christi 1981, no writ). Defendant's summary judgment evidence establishes that proper notice of default, notice of acceleration and notice of foreclosure were all sent to Borrowers' last known address as required by Texas law. See Exhibits 1, 1-E, and 1-F.

36. Plaintiff has not and cannot prove that proper notices were not provided and to the contrary, Defendant has negated this allegation by proving that proper notices were provided in compliance with applicable law

37. Plaintiff also appears to be attempting to allege the breach of an oral contract or to predicate his contract claim on oral representations by unspecified persons. Any such claims fail due to the lack of any evidence to support the essential elements of such a claim. Additionally, any such claims are precluded the statute of frauds applicable to loans such as the present. Further, there is no evidence of any consideration for any alleged oral promises, even though such alleged promises are expressly denied by Defendant.

38. Plaintiff has not and cannot prove any breach of an actual written contract, or that he has been damaged by any act or omission of Defendant as he continues to reside in the subject collateral while making no loan payments and her contract claim fails for this additional reason.

39. To the extent Plaintiff is attempting to establish some unspecified contract based on oral representations relating to forbearance, loan modification or other issues, such claims are precluded by the statute of frauds. *See* Tex. Bus. & Com. Code Ann. § 26.02(a)(2) (requiring a writing for loan agreements involving loans of $50,000 or more); *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (holding that the statute of frauds applies to oral modifications to loan agreements); *Kiper v. BAC Home Loans Servicing, LP,* 884 F.Supp.2d 561, 571 (S.D. Tex. 2012).

11

40. An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable. *See* Tex. Bus. & Com. Code § 26.02(a), (b); *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328–29 (5th Cir. 2013).*Burnette v. Wells Fargo Bank, N.A.,* No. 4:0–CV–370, 2010 WL 1026968, at *4–*5 (E.D. Tex. Feb. 16, 2010) (applying Texas law); *Deuley v. Chase Home Fin. LLC,* No. H–05–04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006) (applying Texas law); *Krudop v. Bridge City State Bank,* No. 09–05–111 CV, 2006 WL 3627078, at *4 (Tex. App.–Beaumont Dec. 14, 2006, pet. denied). "The district court held, and we agree, that because there was no written agreement to delay foreclosure, plaintiff's breach of contract claim is barred by the statute of frauds."

41. In addition to the statute of frauds, any oral contract claim based on an alleged promise to delay foreclosure or the unwritten terms of a forbearance agreement cannot otherwise form the basis of a breach of contract claim because Plaintiff has not alleged and cannot come forward with evidence of consideration for any such contract. *James v. Wells Fargo Bank*, *N.A.*, 533 Fed. Appx. 444, 446–47 (5th Cir. 2013) (per curiam).

42. Plaintiff's breach of contract claim fails based on these multiple and alternative grounds, including the lack of any evidence of compliance with the contract by Plaintiff, the lack of evidence of any breach, the lack of any actionable promises based on the statute of frauds, failure of consideration for any promise outside the terms of the written contract, and the lack of any evidence of damages. With respect to his notice allegations, there is no evidence of a breach and to the contrary Defendant has established that it provided all pre-foreclosure notices in compliance with applicable law. See Exhibits 1, 1-E and 1-F. For these multiple and alternative reasons, Plaintiff's breach of contract claim fails.

### D. Plaintiff's TDCA Claims Fails.

43. In the Complaint, Plaintiff references the "Texas Debt Collection Act" ("TDCA") as codified under Section 392 of the Texas Finance Code. See Complaint at ¶¶ 22-35. Plaintiff's attempted TDCA claims appear to relate to the terms of an alleged forbearance agreement. *Id.* Plaintiff includes form allegations and references Sections 392.304(a)(8), 392.304(a)(14) and 392.304(a)(19) of the Texas Finance Code.

44. Plaintiff alleges that Defendant misrepresented the character, extent, or amount of the debt in violation of Section 392.304(a)(8), misrepresented the status or nature of the services rendered by the debt collector in violation of 392.304(a)(14), and used other false representation or deceptive means to collect a debt in violation of 392.304(a)(19). *Id.*

45. In order to establish a claim under the TDCA, Plaintiff must show that: (1) the debt at issue is a consumer debt; (2) Defendant is a debt collector within the meaning of the TDCA; (3) Defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as a result of Defendant's wrongful act. *See Sgroe v. Wells Fargo Bank, N.A.,* 941 F.Supp.2d 731, 748 (E.D.Tex.2013).

46. "To violate the TDCA using a misrepresentation, 'the debt collector must have made an affirmative statement that was false or misleading.'" *See Verdin v. Fed. Nat'l Mortgage Ass'n,* 540 Fed. Appx. 253, 257 (5th Cir.2013) (citing *Kruse v. Bank of N.Y. Mellon,* 936 F.Supp.2d 790, 792 (N.D.Tex.2013)).

47. Plaintiff's TDCA claims are purportedly based on unsupported allegations relating to pre-foreclosure notice or an allegation that Defendant misrepresented to him that he would be able to resume payments on his mortgage upon expiration of a forbearance agreement. These

allegations do not support a violation of the TDCA and are unsupported by competent or relevant evidence.

48.     The TDCA focuses not on whether the lender complied with pre-foreclosure notice requirements, but on whether the deed of trust gave the lender a right to non-judicial foreclosure. *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 831 (5th Cir. 2015). The TDCA "does not prevent a debt collector from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Nolasco v. CitiMortgage, Inc.*, Civ. A. H-12-1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012); Tex. Fin. Code § 392.301(b)(3). Defendant did not violate the TDCA if it "retained its *contractual* right to foreclose and the mortgage was in fact in default." *Rucker*, 806 F.3d at 831 (emphasis in original). Here is no dispute that Defendant had a contractual and legal right to non-judicial foreclosure or that the payment obligations were in default.

49.     Defendant has established that Borrowers are in default on their contractual payments obligation and that Defendant provided Borrowers with Notice of Default and Intent to Accelerate, Notice of Acceleration, and Notice of Foreclosure to the extent those notices were intended to form the basis of Borrower's TDCA claims.  See Exhibits 1-E and 1-F.

50.     The TDCA does not prevent an alleged debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3); *Sweet v. Wachovia Bank and Trust Company,* No. 3:03–CV–1212–R, 2004 WL 1238180, at *3 (N.D.Tex. Feb. 26, 2004); *O'Neill v. CitiMortgage, Inc.*, No. 413-CV-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014).

14

51. To the extent Plaintiff is attempting to allege or prove a TDCA violation based on any alleged but unproven forbearance agreement, the Fifth Circuit has held that communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and thus they do not state a claim under the TDCA. *See Thompson v. Bank of America, N.A.*, 783 F.3d 1022, 1027 (5th Cir. 2015). Curiously, Plaintiff does contend that Defendant breached any known written forbearance agreement.

52. Finally, Plaintiff does not dispute his contractual mortgage defaults and cannot present evidence of any damages resulting from any alleged violation of the TDCA that was caused by Defendant. Plaintiff has not and cannot establish damages to support any TDCA claim as he remains in the Property without making the contractually required payments. See Exhibit 1. Accordingly, Plaintiff's claims also fail due to the lack of evidence to support the elements of a TDCA claim, including no evidence of an actionable violation and no evidence of damages. For these multiple and alternative reasons, Plaintiff's attempted claim for violations of the TDCA fail.

    **E.    Plaintiff's Breach of Fiduciary Duty Claims Fail.**

53. Under Texas law, the elements of a cause of action for breach of fiduciary duty are: (1) that the plaintiff and defendant had a fiduciary relationship; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff. *Williams v. Countrywide Home Loans, Inc.,* 504 F.Supp.2d 176, 192 (S.D.Tex.2007) (citing *Jones v. Blume,* 196 S.W.3d 440, 447 (Tex.App.2006)). Texas courts have consistently held that the mortgagee-mortgagor relationship is not a fiduciary one. *See FDIC v. Coleman*, 795 S.W. 2d 706, 709 (Tex. 1990) citing *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983) ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *FDIC v. Claycomb*, 945 F.2d 853,850 (5th Cir. 1991) ("The borrower-lender relationship with which we are here

concerned, does not give rise to a 'fiduciary' or 'special relationship.'" As such, no fiduciary duty existed between Plaintiff and Defendant and her claims once again fails for this additional reason. If necessary, there is otherwise no evidence of a fiduciary duty, a breach thereof by Defendant or any damages therefrom. Plaintiff's breach of fiduciary claim fails for these multiple and alternative reasons.

### F. No Evidence of Damages to Support Any Claim.

54. In addition to the lack of any evidence to support any claim alleged as well as the legal authorities specifically negating Plaintiff's claims, Plaintiff's claim fails because he cannot produce any evidence of damages to support any claim. As of the filing of this Motion he has not and cannot truthfully allege or prove that he has been dispossessed of the Property, despite the fact that he is long past due for his mortgage payments. Accordingly, Plaintiff's claims all fail for this additional reason.

### CONCLUSION

55. Plaintiff's claims fail based on the standards applicable to summary judgment. Plaintiff does not deny his mortgage defaults, does not deny he was in default at the time of any alleged forbearance agreement, and this suit is nothing more than an attempt to stall foreclosure after Plaintiff has failed to pay his mortgage over a 7-year period. Defendant's summary judgment evidence and authorities as well as the lack of summary judgment evidence by Plaintiff to support the essential elements of his claims, all establish Defendant's right to summary judgment.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that its Amended Motion for Summary Judgment be granted, that Plaintiff's claims against Defendant be dismissed with prejudice, and for such other relief to which Defendant may show itself to be entitled.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
Texas State Bar No. 00784294
Eric C. Mettenbrink
Texas State Bar No. 24043819
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
Telephone: (713) 220-9182
Facsimile: (713) 223-9319
mhord@hirschwest.com
emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2023, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Erick DeLaRue
Law Office of Erick DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
713-899-6727 Telephone
Email: Erick.delarue@delaruelaw.com
**Via ECF**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

17