United States District Court
Southern District of Texas
**ENTERED**
November 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jay Rudman, § § § *Plaintiff,* § § v. § § U.S. Bank Trust, N.A., § § *Defendant.* § § § | Case No. 4:23-cv-00040 |

## **MEMORANDUM AND RECOMMENDATION**

In this mortgage dispute, which was referred to the undersigned judge, Dkt. 12, Defendant U.S. Bank Trust, N.A. ("U.S. Bank") has moved for summary judgment on all of Plaintiff Jay Rudman's claims, Dkt. 11. Because Rudman did not file a response, the motion for summary judgment is deemed unopposed. *See* S.D. Tex. L.R. 7.4. After carefully considering the motion, the record, and the applicable law, it is recommended that U.S. Bank's motion for summary judgment (Dkt. 11) be granted.

## **Background**

This case concerns a mortgage agreement and subsequent foreclosure proceedings on a property located at 1151 Flagmore Drive, Katy, Texas 77450 (the "Property"). Dkt. 11-2 at 1 (DX-1A); Dkt. 11-3 at 3 (DX-1B). In 2001, Jay

Rudman and his wife, Janice Rudman,[1] executed a promissory note for $148,400.000 in favor of First Preference Mortgage Corp., which was secured by the Property under a Deed of Trust. Dkt. 11-2; Dkt. 11-3 at 1-3. The deed of trust was assigned to JP Morgan Chase Bank in 2012, and then to Federal National Mortgage Association in 2015. Dkt. 11-4 at 1-3 (DX-1C).

Rudman defaulted on his loan payments around October 2015. Dkt. 11-6 at 2 (DX-1E). After the deed of trust was assigned to Nationstar Mortgage LLC in March 2019, Dkt. 11-4 at 6, that entity sent the Rudmans notice of default. Dkt. 11-6 (Aug. 20, 2019 notice). Later, the deed of trust was assigned to U.S. Bank. *See* Dkt. 11-4 at 7-10 (subsequent assignments, ending with assignment to U.S. Bank).

During the COVID-19 pandemic, Rudman allegedly contacted U.S. Bank and procured a 12-month forbearance agreement starting in July 2020. Dkt. 1-4 ¶ 10. According to Rudman, U.S. Bank told him that, once the forbearance period ended, he would simply resume making his monthly payments. *Id.* ¶ 11. But Rudman claims that, in June 2021, U.S. Bank demanded a lump sum payment of the total amount owed. *Id.* ¶ 12.

On November 29, 2022, U.S. Bank sent Rudman, by certified mail and first-class mail, a notice of acceleration and substitute trustee's sale. Dkt. 11-

---

[1] Janice Rudman is not a party in this case.

7 at 3-8 (DX-1F). The notice stated that the foreclosure sale was set for January 3, 2023 and specified the location for the sale. *Id.* at 7.

Just days before the scheduled foreclosure sale, Rudman filed this suit in Texas state court. *See* Dkt. 1-4 (filed December 27, 2022). U.S. Bank removed the suit to federal court based on diversity jurisdiction. Dkt. 1.

Before the close of discovery, U.S. Bank filed its motion for summary judgment. *See* Dkt. 8 (August 30, 2023 discovery deadline); Dkt. 11 (motion filed June 9, 2023). Rudman did not file a response. The motion for summary judgment is ripe for resolution.

## **Legal standard**

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue it addresses "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the

nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted). "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party …." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001). In addition, courts must credit all reasonable inferences from the evidence, without "weigh[ing] evidence or mak[ing] credibility findings." *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022). But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003)).

## Analysis

Rudman's failure to respond to U.S. Bank's motion for summary judgment leaves Rudman without evidence supporting any of his claims for fraud, violations of the Texas Debt Collection Act ("TDCA"), breach of contract, and breach of fiduciary duty. The unsworn allegations in his pleading are not evidence that can defeat summary judgment. *See Craig v. Martin*, 49 F.4th 404, 416 (5th Cir. 2022) (rejecting reliance on "unsworn allegations" in response to summary judgment motion).

Of course, Rudman's failure to respond does not automatically entitle U.S. Bank to summary judgment in its favor. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (noting this principle applies "even if failure to oppose violated a local rule"). But here, summary judgment is proper because U.S. Bank has shown that no evidence supports Rudman's claims. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (authorizing no-evidence summary judgment).

First, U.S. Bank asserts, and the Court agrees, that Rudman has presented no evidence supporting the elements of fraud. *See* Dkt. 11 ¶¶ 25-27. "To prevail on a fraud claim, a plaintiff must show: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (internal quotation marks omitted).

According to Rudman's live pleading, he and U.S. Bank entered into a 12-month forbearance agreement around July 2020. Dkt. 1-4 ¶ 10. At the time, U.S. Bank allegedly told Rudman that "he would be able to resume his

mortgage payments" and would "not need to submit a large lump sum payment at the end of the forbearance." *Id.* ¶ 11.

But Rudman has not substantiated these allegations. There is no evidence that U.S. Bank falsely told Rudman anything, much less that U.S. Bank did so knowingly or recklessly, to induce Rudman's reliance. And there is similarly no evidence that Rudman relied on any false statement by U.S. Bank. The fraud claim therefore fails.

Second, the same omission defeats Rudman's claims for violations of the TDCA. The statutory provisions he invoked all require proof of a false representation. *See* Tex. Fin. Code Ann. § 392.304(a)(8) (addressing "misrepresent[ations]" of "the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding"); *id.* § 392.304(a)(14) (prohibiting false representations about "the status or nature of the services rendered by the debt collector or the debt collector's business"); *id.* § 392.304(a)(19) (prohibiting use of "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer"); Dkt. 1-4 ¶ 26. Yet Rudman has presented no evidence that U.S. Bank made a false representation.[2] This defect merits summary judgment on the TDCA claim.

---

[2] Nor can the TDCA claims survive even if they assert that Rudman was not provided proper notice of his default and the foreclosure sale. As explained *infra*, in connection

Third, Rudman has not presented any evidence supporting his breach-of-contract claim. His allegations appear to assert that U.S. Bank breached an oral agreement to forbear on the defaulted note. *See* Dkt. 1-4 ¶¶ 10-12. But there is no evidence that any such agreement was made. And as U.S. Bank correctly argues, Dkt. 11 ¶¶ 37-40, such an oral agreement would be barred by the statute of frauds. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013) ("An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable.") (citing Tex. Bus. & Com. Code Ann. § 26.02(a), (b), and collecting relevant federal and state decisions); *see also, e.g.*, *Ebrahimi v. Caliber Home Loans, Inc.*, 2019 WL 1615356, at *6 (Tex. App.—Dallas Apr. 15, 2019, pet. denied) ("[A]greements to modify an existing loan agreement, including to forgo or delay foreclosure, are subject to the statute of frauds.").

Alternatively, Rudman appears to assert that U.S. Bank breached provisions in the note and deed of trust that required written notices to be sent, including regarding default. *See* Dkt. 1-4 ¶¶ 14-15; Dkt. 11-2 at 2 (promissory note § 6(C)); Dkt. 11-3 at 10 (deed of trust § 15). Uncontroverted evidence negates that theory.

---

with Rudman's breach-of-contract claim, uncontroverted evidence indicates that U.S. Bank provided the requisite notice.

The evidence indicates that U.S. Bank's predecessor-in-interest provided Rudman a written notice of default, which was sent by first class mail. *See* Dkt. 11-6 at 5-8 (Aug. 20, 2019 notice). U.S. Bank then sent a notice via first-class mail *and* certified mail informing Rudman that the loan was being accelerated, and that the Property would be posted for foreclosure sale on January 3, 2023. Dkt. 11-7 at 3-8. This service was "complete when the notice [was] sent via certified mail." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing Tex. Prop. Code Ann. § 51.002(e)); *see also, e.g.*, *Ebrahimi*, 2019 WL 1615356, at *7 ("[S]ervice is completed upon deposit in the mail, not actual receipt ...."). Rudman's promissory note and deed of trust also explicitly authorized notice by first-class mail. Dkt. 11-2 at 2 (note § 7); Dkt. 11-3 at 10 (deed of trust § 15). The evidence reflects that Rudman was provided the requisite notices, which negates his breach of contract claim. *See, e.g.*, *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 372 (5th Cir. 2021) (rejecting a "self-serving protestation[ ] of non-receipt of notice" as insufficient to "create a genuine dispute at summary judgment") (internal quotation marks omitted).

Fourth, Rudman's claim for breach of fiduciary duty fails as a matter of law. "To prevail in a breach-of-fiduciary-duty claim, a plaintiff must prove that (1) there is a fiduciary relationship between the plaintiff and defendant, (2) the defendant breached his fiduciary duty to the plaintiff, and (3) the breach

8

resulted in an injury to the plaintiff or benefit to the defendant." *Zhu v. Lam*, 426 S.W.3d 333, 339 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Rudman's allegation that the loan documents create a fiduciary relationship is incorrect. Dkt. 1-4 ¶ 38. In Texas, "[t]he relationship between a borrower and lender is usually neither a fiduciary relationship nor a special relationship." *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *see also, e.g.*, *Fed. Deposit Ins. Corp. v. Claycomb*, 945 F.2d 853, 859 (5th Cir. 1991) ("The borrower-lender relationship, with which we are here concerned, does not give rise to a 'fiduciary' or 'special relationship.'").

Moreover, Rudman does not identify (much less substantiate) any special circumstances "prior to, and apart from" the loan agreements themselves that could give rise to a fiduciary duty. *See, e.g.*, *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998) ("To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit."). As a result, the breach of fiduciary duty claim is barred. *See, e.g.*, *Baldwin v. Mortg. Elec. Registration Sys., Inc.*, 2021 WL 1009320, at *5-6 (S.D. Tex. Mar. 1, 2021) (granting summary judgment and rejecting similar claim against lender), *adopted by* 2021 WL 981301 (S.D. Tex. Mar. 16, 2021).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant U.S. Bank Trust N.A.'s motion for summary judgment (Dkt. 11) be **GRANTED**. It is further **RECOMMENDED** that the Court enter a separate final judgment, pursuant to Fed. R. Civ. P. 58(a), that Plaintiff Jay Rudman take nothing on his claims.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 8, 2023, at Houston, Texas.

*[signature: Yvonne Y. Ho]*
Yvonne Y. Ho
United States Magistrate Judge